**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted May 29, 2020*
Decided June 8, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-2711

RADICA WHITEFOOT,
    *Petitioner*,

      *v.*

WILLIAM P. BARR, Attorney General of the
United States,
    *Respondent*.

Petition for Review of an Order
of the Board of Immigration
Appeals.

No. A096-702-815.

**Order**

    More than three years after the entry of a final removal order, Radica Whitefoot asked the Board of Immigration Appeals to reopen her proceedings and grant cancellation of removal, see 8 U.S.C. §1229b, on the basis of ten years' presence in the

---

* We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

United States plus the Supreme Court's opinion in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which according to Whitefoot shows that the Notice to Appear that began the removal proceeding is invalid.

The Board stated that, even if it were willing to accept an untimely motion (a question it did not resolve), it would not afford Whitefoot any relief. It gave two reasons: first, that *Pereira* does not make Whitefoot eligible for cancellation of removal; second, that even if Whitefoot were eligible, she would not receive that benefit because she has not shown that her removal would cause the necessary degree of hardship to a qualifying relative in the United States.

Whitefoot's petition for review addresses only the first of these issues. Yet someone who loses on two grounds must contest both, because otherwise a legal ruling on the sole contested ground is just an advisory opinion that cannot affect the outcome. Moreover, we have held that the Board's hardship rulings with respect to petitions under §1229b are not subject to judicial review. See *Cruz-Moyaho v. Holder*, 703 F.3d 991 (7th Cir. 2012). (We recognize that Whitefoot's brief mentions this subject at page 10, but it neither develops an argument nor explains how review would be compatible with *Cruz-Moyaho*.)

Even if the eligibility aspect of the Board's decision were open to review independent of the hardship aspect, Whitefoot could not benefit. We held in *Chen v. Barr*, No. 19-2375 (7th Cir. May 29, 2020), that an alien who delays making an argument about the adequacy of the Notice to Appear until a motion to reopen had forfeited whatever benefit *Pereira* might have offered.

The petition for review is denied.